P A I D
13992

## United States Bankruptcy Court
### Southern District of Florida

In re  **Sharon A Colombo**                                    Case No.  13-20842 EPK
                              Debtor(s)                         Chapter   13

## MOTION TO CONVERT CASE FROM CHAPTER 13 TO CHAPTER 7

Pursuant to 11 U.S.C. § 1307(a), by and through the undersigned counsel, the above-named Debtor(s) requests that this court enter an Order converting this case under Chapter 13 to a case under Chapter 7 of the Bankruptcy code (title 11 of the United States Code), on the grounds set forth below.

1.  On **05/09/2013**, the above-named Debtor(s) filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.

2.  This case has not been previously converted.

WHEREFORE, Debtor(s), by and through the undersigned counsel, prays for an Order converting this case under Chapter 13 to Chapter 7 of the Bankruptcy Code.

Date  **October 14, 2013**                Signature  *[signature]*
                                                      Sharon A Colombo
Attorney  *[signature]*                                Debtor

**INGER M. GARCIA, ESQ**
Florida Bar No. 010691
P.O Box 11933
Fort Lauderdale, Fla 33339
Tel (954)-894-9962
Fax (954)446-1635
EMAIL: ATTORNEY@INGERGARCIA.COM

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re: Sharon A Colombo                    Case No. 13-20842-EPK
                                           Chapter 13


_____ Debtor____ /

## ORDER CONVERTING CASE UNDER CHAPTER 13
## TO CASE UNDER CHAPTER 7

( )    At a hearing held in this case on _____, the trustee recommended and the debtor consented to conversion of this case to a case under chapter 7.

( )    A party in interest other than the debtor has filed a motion to convert this case to a case under chapter 7 pursuant to 11 U.S.C. §1307(c). A hearing was held on _____ at which time the court heard from all interested parties.

It is **ORDERED** that:

1.    This case is converted to a case under chapter 7.

Page 1 of 4

LF-12 (rev. 12/01/09)

2. The chapter 13 trustee, within 30 days of the date of this order, shall file an accounting of all receipts and distributions made, and list any pending obligations incurred under the plan. A copy of the report shall be served on the U.S. trustee.

3. The debtor, within 14 days of the date of this order, shall file a schedule of unpaid debts incurred after the commencement of the chapter 13 case as required by Bankruptcy Rule 1019(5) and Local Rule 1019-1(B). The schedule must be accompanied by a matrix of creditors as required by the "Clerk's Instructions for Preparing, Submitting and Obtaining Service Matrices". The debtor or debtor's attorney is required to provide notice to those creditors pursuant to Local Rule 1019-1(B). Failure to comply may also result in sanctions being imposed by the court. Debts not listed or noticed timely will not be discharged. A copy of this schedule shall be served on the chapter 7 trustee.

4. The chapter 13 trustee shall, within 14 days from the date of this order, turn over to the chapter 7 trustee all records of the estate remaining in the chapter 13 trustee's custody and control, as required by Bankruptcy Rule 1019(4).

5. The chapter 13 trustee shall dispose of funds in the trustee's possession in accordance with Local Rule 1019-1(D), unless otherwise ordered by the court.

6. The debtor shall file, within 14 days of the date of this order:

   a. the statements and schedules required by Bankruptcy Rules 1007(c) and 1019(1)(A) in accordance with Local Rules 1007-2 and 1009-1(D), if such documents have not already been filed.

   b. the Official Form 22 A "Statement of Current Monthly Income and Means

Test calculation for Use in Chapter 7 Only", required under Local Rule 1019-1(H);

c. payment advices as required by Bankruptcy Rules 1007(b)(1) and 1007(c) and Local Rule 1007-1(F); and

d. if not already filed, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under §109(h)(4).

7. The debtor shall file, within 30 days of the date of this order, a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. §521(a)(2)(A) and Bankruptcy Rule 1019(1)(B), and conforming to Official Form 8.

8. If this case is being converted after the confirmation of a plan, the debtor shall file, within 30 days of the date of this order:

a. A schedule of all property not listed in the final report and account of the chapter 13 trustee which was acquired after the commencement of the chapter 13 case but before the entry of this conversion order;

b. A schedule of unpaid debts (and matrix as described in paragraph 3) not listed in the final report and account of the chapter 13 trustee which were incurred after the commencement of the chapter 13 case but before the entry of this conversion order, as required by Bankruptcy Rule 1019(5) and provide notice of claims deadline as required by Bankruptcy Rule 1019(6) and Local Rule 1019-1(B); and

    c.    A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 13 case but before the entry of this conversion order.

9. The debtor shall provide notice to affected parties of the deadline set pursuant to Local Rule 1019-1(F)(1) for filing by a nongovernmental unit a request for payment of an administrative expense.

10. If the debtor had been granted permission to pay the chapter 13 filing fee in installments and the debtor seeks waiver of the balance of the filing fee due, the debtor must file the waiver application prior to the next installment payment date to avoid dismissal of the case for nonpayment.

11. Failure of the debtor to comply with the provisions of this order may result in dismissal of this case without further hearing or notice.

###

**Submitted by:**

The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the court a certificate of service conforming with Local Rule 2002-1(F).

Debtor  Sharon A Colombo
Attorney  for Debtor  Inger M Garcia Esq.,
Chapter 13 Trustee  Robin R Weiner
U.S. Trustee  Office of the US Trustee

Page 4 of 4

LF-12 (rev. 12/01/09)